IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Kundratic | : | |
|     Plaintiff, | : | |
|     v. | : | Case No. 3:15-CV-1239 |
| Tina Polachek-Gartley, | : | |
| Anthony Lumbis, Gary Thomas, | : | (Honorable Richard P. Conaboy) |
| C.J. Bufalino, Michael Shucosky, | : | |
| Sophia Thomas, Arthur Silverblatt, | : | |
| Gary Michak, Marie Eskridge, | : | FILED SCRANTON |
| Luzerne County District Atty's Office, PA State Police Internal Affairs, PA Attorney General, | : | AUG 28 2015 |
| PA Disciplinary Board, and | : | PER _____ DEPUTY CLERK |
| John/Jane Does 1-5 | : | |
|     Defendants. | | |

Memorandum

We consider here a Motion for Leave to Proceed In Forma Pauperis filed by Defendant Andrew Kundratic. The Court must confer such status on Plaintiff before the Complaint he has filed with the Court on June 24, 2015 (Doc. 1) may be served on the numerous Defendants named therein.

1

I.  **Legal Requirements Pursuant to Screening a Pro Se Complaint.**

28 U.S.C. § 1915 requires that a district court review a complaint in a civil action where a plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). This provision applies to all in forma pauperis complaints. Grayson v. Mayview State Hospital, 293 F.3d 103, 114 n. 19(3d. Cir. 2002). The reviewing court must dismiss the case if the court determines that either the allegation of poverty is untrue or the action is (1) frivolous or malicious, (2) fails to state upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if the claim is based on an indisputably meritless legal theory, Neitzke v. Williams, 490 U.S. 319, 327 (1989), the contentions are clearly baseless, (Id. at 328), when the facts alleged "rise to the level of the wholly irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," Denton v. Hernandez, 504 U.S. 25, 33 (1992), or the action is of little or no weight, value, importance, or unworthy of serious consideration. Deutsch v. United States, 67 F3d. 1080, 1089.

The maliciousness standard of § 1915 is not as well established. Abraham v. Danburg, 699 F.Supp. 2d. 686, 688 (D.Del. 2010). However, Deutsch indicates that it is a subjective inquiry into the litigants motivation at the time of the filing of the

lawsuit to determine if the action is an attempt to vex, injure or harass the defendant. 67 F3d. at 1086.

To determine if a claim should be dismissed on screening for failure to state a claim on which relief might be granted, the reviewing court uses the same standard as that applied to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F3d. 236, 240 (3d. Cir. 1999).

When considering the sufficiency of a pro se litigant's complaint, the Court must construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If a complaint is vulnerable to dismissal under 28 U.S.C. § 1915(e)(2), the district court must first permit the plaintiff to file a curative amendment even if the plaintiff does not seek leave to amend. Alston v. Parker, 363 F3d. 229, 235 (3d. Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, or futility. Id. at 235-36.

## II. Discussion.

The subject matter of Kundratic's complaint relates to the dissolution of his marriage to the former Sophia Kundratic and the lengthy proceedings before the Luzerne County Court of Common Pleas to determine the financial and custody resolutions incident to their divorce. Kundratic has twice sought to express his displeasure with the property and child custody decrees that were

3

handed down in the state court in two separate federal lawsuits ("Kundratic I" and "Kundratic II") filed before this Court. Plaintiff Kundratic has alleged that his former wife, her lover (a member of the Pennsylvania State Police), various attorneys who represented Plaintiff Kundratic, various officers of the Luzerne County Court of Common Pleas, his wife's attorneys, and various John Doe defendants in the employ of the Rice Township Police Department engaged in a broad conspiracy to deprive him of his property rights under the Fifth and Fourteenth Amendments and his freedom of association and access to the courts pursuant to the First Amendment. These actions were brought in federal court pursuant to 42 U.S.C. § 1983 on the theory that a state actor, state policeman Gary Thomas, participated in this conspiracy.[1]

The first of these actions, Kundratic I (08-CV-1652), was decided against Kundratic when the Honorable William J. Nealon granted Defendants' Motion to Dismiss on July 2, 2009. Kundratic appealed Judge Nealon's decision on August 3, 2009. That appeal was denied by the Third Circuit Court of Appeals on September 1, 2009. The other prior action, Kundratic II (12-CV-17), was decided by this Court on November 26, 2013 when Motions for Summary Judgment by Defendants Gartley, Lumbis, Thomas and Silverblatt were granted.[2] These motions for summary judgment were granted only

---

[1] We note that Kundratic was represented by counsel in both his previous lawsuits.

[2] Defendants Bufalino, Shucosky, and Ehret had previously prevailed on motions to dismiss.

4

after Plaintiff Kundratic was afforded the opportunity to engage in extensive discovery over a protracted period of time. Kundratic appealed this Court's decision on December 4, 2013. On July 11, 2014, the Third Circuit Court of Appeals affirmed this Court's decision.

Kundratic's newest complaint, like that that initiated the two prior federal lawsuits described above, is grounded in his allegations that his access to the courts, as guaranteed by the First Amendment, was perverted and impeded through the activities of a state actor, Gary Thomas, acting in concert with Kundratic's wife, his attorneys, his wife's attorneys, several officers of the Luzerne County Court of Common Pleas, local policemen, and various John Does referenced in the previous lawsuits. This complaint differs from the other two in that additional defendants who were not named in either of the earlier suits are added as defendants here. These new Defendants include the Disciplinary Board of the Pennsylvania Supreme Court, the Attorney General of Pennsylvania, the Pennsylvania State Police Office of Internal Affairs, Marie Eskridge (Kundratic's ex-wife's sister), and Gary Michak (the attorney who assumed representation of Kundratic's wife when Defendant Tina Gartley was elected as a judge of the Luzerne County Court of Common Pleas). The addition of these new parties is not enough to justify the survival of this case.

The allegations against the new Defendants relate back, in all

5

instances, to the conspiracy whose existence Kundratic could not establish in his other two federal lawsuits. The allegations against these new parties are vague and, frankly, incredible. But for dubious allegations that Defendant Thomas' position as a state policeman gave him some Svengali-like control over the other defendants, the complaint does not even attempt to explain why these numerous different Defendants with no conceivable common interest would risk their careers to participate in an elaborate conspiracy to deny Plaintiff his property rights or access to the courts. The instant complaint is simply a re-packaging of allegations and theories found wanting in Kundratic's previous lawsuits. Also, no facts are pled that remotely explain why Plaintiff did not make these allegations against these additional parties in Kundratic I or II. Piecemeal litigation of this type is antithetical to judicial economy and cannot be condoned.

Accordingly, the Court finds that this action is frivolous because the facts alleged "rise to the level of the wholly irrational or the wholly incredible" in terms of Denton, supra. The Court finds also that granting leave to amend this complaint would be an exercise in futility because its core allegations have been twice discredited. Thus, the Court will not permit these Defendants, some of whom would be defending themselves for the third time against essentially the same claim, to be vexed by this complaint. Plaintiff has had ample opportunity to present these

6

claims and they have been found deficient. Plaintiff's Motion for In Forma Pauperis Status must be denied. An Order consistent with this determination follows.

BY THE COURT

                                              _/s/ Richard P. Conaboy_
                                              Honorable Richard P. Conaboy
                                              United States District Court

Dated:   9-25-15